UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**JEFFERY TODD HENSON, SR.,**
    Plaintiff,

v.                                                      2:23-cv-1639-CLM-JHE

**UNITED STATES PROBATION OFFICE OF THE NORTHERN DISTRICT OF ALABAMA, et al.,**
    Defendants.

## MEMORANDUM OPINION

    Plaintiff Jeffery Todd Henson, Sr., filed a pro se complaint under the Administrative Procedure Act ("APA"), challenging a decision by the United States Probation Office of the Northern District of Alabama ("USPO-NDAL") to deny transfer of his supervised release to this district. (Doc. 1). The magistrate judge has entered a report, recommending the court grant in part and deny in part Henson's motion for various relief (doc. 6); grant Henson's motion to supplement the record (doc. 12), advance this cause (doc. 15), and compel advancement of the case (doc. 16); and deny Henson's motion for production of records (doc. 10), court intervention and expeditious disposition (doc. 11), to add count (doc. 13), and for preliminary injunction (docs. 9, 14). The magistrate judge also recommended the court dismiss this case without prejudice under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. (Doc. 17).

    After the magistrate judge entered his report, Henson moved for emergency preemptive relief requesting that the court prohibit officials from removing him from the State of Alabama when he is released from prison. (Doc. 18). Henson has also objected to the magistrate judge's report and recommendation. (Doc. 19).

Though Henson stated in his complaint that he seeks relief under the APA (doc. 1, p. 7), he now contends that he seeks to assert his claims under the Privacy Act, (doc. 19, p. 2). Private rights of action under the Privacy Act may be brought only against federal agencies. *See Schiwier v. Cox*, 340 F.3d 1284, 1287 (11th Cir. 2003). They cannot be brought against "the courts of the United States." *See* 5 U.S.C. § 551(1)(B). Because the USPO-NDAL acts as a liaison between a sentencing court and a defendant, it serves as "an arm of the court" and is exempt from the Privacy Act. *See Hankerson v. United States*, 594 F. App'x 608, 609 (11th Cir. 2015). So Henson isn't entitled to relief under the Privacy Act.

Henson vigorously argues in his objections that the court should review the USPO-NDAL's decision to deny his request to transfer his supervised release to this district. (Doc. 19). But Henson has not come forward with any authority to rebut the magistrate judge's determination that he has no basis for relief.[1]

After carefully considering the record, the magistrate judge's report, and Henson's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. So the court will **GRANT IN PART** and **DENY IN PART** Henson's motion for various relief (doc. 6); will **GRANT** Henson's motions to supplement the record (doc. 12), advance this cause (doc. 15), and compel advancement of this case (doc. 16); and **DENY** Henson's motions for production of records (doc. 10), court intervention and expeditious disposition (doc. 11), to add count (doc. 13), and for preliminary injunction (docs. 9, 14).

Consistent with the magistrate judge's recommendation and 28 U.S.C. § 1915A(b)(1), the court will **DISMISS** this case **WITHOUT PREJUDICE** for failing to state a claim upon which relief may be granted. The court will also **DENY** Henson's motion for emergency preemptive relief in which he requests that the court prohibit officials from transferring him out of the State of Alabama on his release date (doc. 18).

---

[1] In his objections, Henson clarifies that he intended to sue the individual defendants in their official and individual capacities. (Doc. 19, pp. 2, 4). The magistrate judge assumed Henson intended to allege claims against the individual defendants in both their official and individual capacities (doc. 17, p. 12) but concluded that the court should dismiss both the official and individual capacity claims (doc. 17, pp. 12–14).

The court will enter a separate final judgment that carries out this ruling.

**Done** on May 17, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE